All right, the first case is 419-0356, City of Urbana v. Platinum Group Properties, LLC, for the Appalachian. We have Mr. Martinkus. Good morning, Mr. Martinkus. Good morning. For Appalachia, Mr. Simon. Mr. Simon. Good morning. Mr. Martinkus. In this court, counsel, I'm here on behalf of Platinum Group Properties, LLC, the Sunning Press Series. I'll probably refer to the principal Platinum Group Properties, LLC, as Platinum, and when I make reference to the subsidiary, I'll refer to Sunning Press Series. This is a case that has been before this court before. This court has reversed this case one time and consented back for additional consideration. The case was filed sometime in 2014. When the case was filed, the case was clearly filed against Platinum. There was never any suggestion that it was filed against Sunning Press. The name on the complaint was Platinum Group Properties, LLC. The name on the summons was Platinum Group Properties, LLC. This case proceeded for almost five years. It went through initial trial. It went through a hearing for this court. It went back to the trial court. It was confirmed and new orders were entered. About a year later, after all of that, for the first time, the city decided that it did not have the right party, that, in fact, it wanted to change the name of Platinum Group Properties, LLC, to the Series. The Series is a separate company, and if you look at the Illinois Limited Liability Company Act, clearly that statute indicates that these entities shall be treated individually, that you can sue, they can sue on their own behalf with their individual companies. So when you look here at what, in fact, took place, for all of these years, through many complaints, through up and down through the court system, the city of Urbana never bothered to do anything with respect to the defendant it sued. The cases that I have cited in my brief do stand for the proposition that the best evidence of who a party intended to sue is who they named in the complaint. And in this particular case, they clearly named Platinum Group Properties, LLC. That's who they served. There's no suggestion here that they served Sunnycrest at any time. Sunnycrest never appeared. Sunnycrest was never served with someone. They served Sunnycrest's registered agent, didn't they? Yes, Judge, but the agent was the registered agent for all the subs, all four subs Series, and the principal, Platinum Group Properties, LLC. And Harold Adams, who was the attorney who was the registered agent, did file an affidavit, which is a record, indicating he had never been served on behalf of Sunnycrest. And I think the entire position taken by Urbana throughout this case clearly shows that, one, it knew there was a distinction between the subs Series, Sunnycrest Series, and the principal, Platinum Group Properties, LLC. They acknowledged that they knew Sunnycrest was the real party of interest, that Sunnycrest owned these buildings, but they elected never to do anything about that. And they continued in pursuit of case against Platinum Group Properties, LLC. The case law that I cited basically says, if you sue a real person or real entity, something depends in existence. And that entity or person is not the real party of interest, you don't have misnomer, you simply sued the wrong party. And that's exactly what we have here. There's no evidence to suggest that Platinum Group Properties, LLC's Sunnycrest ever used a short name. That's, I think, what the gist of the plaintiff's city of Urbana's position is. But there's nothing to support that. They're two separate entities. Each entity has legal status. Each entity is separated apart. In this particular instance, there was nothing in any way to suggest that Sunnycrest would be somehow only using a short name. There's nothing in the record to suggest that. Any manner in which Platinum made reference to various entities or names is not something that can be used to find Sunnycrest. Sunnycrest wasn't a party to that lawsuit. So if you, in fact, look at the entire situation here, and you look at the fact that Sunnycrest, a separate organization, never appeared, never participated, never argued, to be given notice that, all of a sudden, the trial court entered a judgment against Sunnycrest. There's no process here. And I think, clearly, you have to have some sort of proceeding whereby Sunnycrest has served, given notice, and participated. When we found out that, in fact, the court had changed the defendant from Platinum to Sunnycrest, we then filed a motion, our motion to set aside, vacate it based upon lack of jurisdiction. And the court listened to the arguments, but decided, and I believe the trial court is simply wrong, that there was nothing here at all to give rise to any conclusions that Sunnycrest was ever a party to this case, was ever named in the complaint, the complaint clearly only named Platinum. And this is the case where the city acknowledges that it had knowledge of the real party of interest. But here you have a real party that existed, Platinum, who was named in the complaint, served by Summons, and was not a real party of interest. That's what the city was going to say. Yeah, Platinum is not a real party of interest. They claim that Sunnycrest is a real party of interest. And the cases that I've cited, both under Sharpness and Ziegler, if I believe, clearly stand for the proposition that,  in the subject matter of your suit, it's not a case of misnomer. Misnomer is where you clearly sue the right party, the real party of interest, but you misname it. What evidence was presented in the trial court that Sunnycrest was a separate legal entity? Well, Judge, I think that the documents presented in our motion, and in the motions and responses about the city, cast the Secretary of State records showing that, in fact, Sunnycrest was a separate entity. All of that was alleged by the city of Urbana in connection with their opposition to our motion that set all this aside. So I don't think there's any issue that there's no controversy that this is a separate entity. I don't think Urbana would deny that. I think Urbana clearly recognizes Sunnycrest as separate. It's under the Limit of Liability Corporate Act. And here's a case where you have two different corporations. You've got Platinum and you've got Sunnycrest. I don't think that was an issue. Did Platinum Group ever, during the course of the underlying litigation, make assertions or acknowledge that Platinum Group was the owner of the premises involved? Your Honor, I don't know if it precisely did that. It was not the trial attorney record. It was Judge Bill, Adam Bill, who was the judge in our cert now. So I can't say if that's exactly it. But I suspect you could draw some inference that Platinum never objected or said anything. But again, it's not something that Sunnycrest did. Any of the actions of Platinum can't be attributed to Sunnycrest. Sunnycrest didn't have the opportunity to admit or deny it. Sunnycrest didn't have the opportunity to present evidence at trial. Sunnycrest did nothing because it was never involved. It never got noticed. It never had some assertive comment. It was never named in the complaint. Platinum was the entire entity before the court at all times. It came before the views. Well, in fact, I think I may reference my brief to the statement in the public court ruling where it went through this and acknowledged that the defendant in this case is Platinum Group Properties, LLC. So you have a judicial finding by this court that Platinum Group Properties, LLC is the correct entity. How do you pronounce the last name? Is it Zerokhi? Yes. If Paul Zerokhi testified at trial that the properties involved were part of a company called Platinum Group Properties, is there any problem there from your standpoint? I don't know if I can explain because he wasn't being called as a representative of Sunnycrest. Let's assume what he said was inaccurate or that he didn't make it clear. That inference has to be drawn against Platinum Group Properties, not against Sunnycrest. Sunnycrest didn't have him as an agent for purposes of any claim against it because it was never involved. What's Mr. Zerokhi's legal relationship to Sunnycrest? I think Mr. Zerokhi has an interest in Sunnycrest, just as he does have an interest in Platinum. But again, if it was simply a question of do you have an interest or is there some relationship, then there would be no basis to have separate entities. When this Limited Liability Company Act was passed, it was designed to completely make these interests separate so that you could have a separate entity that we sued, sued, and that the assets are not the same, that they are separate entities. So if Mr. Zerokhi in his capacity as an agent for Platinum made statements of some sort, that might have been confusing. So again, Judge, how confusing can this be? Public record, the city acknowledged in its brief and its motion that it knew that Sunnycrest was a real property of interest. So how can Mr. Zerokhi's comments be confusing to the city when it, in its motion, says we knew that Sunnycrest owned the buildings? Well, the motion is made at what point in time in relation to the litigation? There's always a public record on it. Every year they have registration of all of these property owners for the tenants, and it's an annual thing. Plus, again, you have all of the public records showing that, in fact, Sunnycrest is the owner of the property. So my thought is that while Platinum might have had a witness testify that might have been confusing at some point in the way they made reference to the entity, that's not binding on Sunnycrest. Sunnycrest is never there. In order for Sunnycrest to have had an opportunity to offer testimony, it would have to be noticed up, it would have to be served. That's the basic premise of any lawsuit. You have to have service. Think of the new process in this case. If you acknowledge that Sunnycrest and Platinum are separate entities, Sunnycrest is doing nothing. After five years, it's noticed that a judge, a local judge, all of a sudden has a judgment against it. They didn't participate. They never had a day one where they did anything. Are you asserting that Sunnycrest didn't know of this litigation? Well, I don't think I would necessarily assert that. But the cases that I've cited talk about it doesn't matter if they had an alternate. It doesn't make any difference. You have to have service. The mere fact that one might have knowledge of a case going on is 100% irrelevant. And the cases I've cited agree with or support that. So if Sunnycrest was never served, it may have known that there was an ongoing litigation between the city of Urbana and Platinum. But that doesn't involve them. It doesn't mean that they somehow aren't participating just because their parent company is participating. Because if you take the position that the city asserts here, you lose all of the reasons to have this unlimited liability act. That's the whole purpose of it, that there are separate entities. And there's nothing in this record that would in any way suggest that somehow Platinum Group Properties LLC, Sunnycrest Series, used a name to reference it as simply Platinum Group Properties. You couldn't do that. Because if you did, you'd violate the terms of the Illinois Unlimited Corporation Act, and you'd lose that status. Is there anything in the record that demonstrates that Sunnycrest notified, or even Platinum Group notified, the city that they'd sued the wrong entity? I don't think so. Because, you know, again, Platinum could have done that, but it elected not to. And if taking as accurate my statement earlier that Zerouki actually testified that Platinum Group owned the properties, it's not just that Sunnycrest didn't, or Platinum Group didn't indicate true ownership. It actually acknowledged ownership by Platinum Group. It kind of puts the city in a tough spot there, doesn't it? With all due respect, I don't think so. Because this is a case where the city knows, going in. They said in their motion they had knowledge that Sunnycrest is the real party to this. So it's not Mr. Zerouki and his inarticulate way of expressing himself. He was a French citizen, his English isn't great, and the way he presented things. None of that could be binding on Sunnycrest, because Sunnycrest is a member party. They never had an opportunity to impeach Mr. Zerouki or to put on other evidence. The city had this in front of it from the day it filed the lawsuit. Again, if you allow them to do this, you look at this and say, yeah, you have five years to bring Sunnycrest in. You didn't do it. You waited until after we went to this court. You waited until after there was a full trial. You waited until after there was a judgment. And now, a year later, a year after the judgment's entered, you come up and say, hey, we would like you to change this judgment. We think you were better served by having the judgment against Sunnycrest. Wasn't Zerouki the principal owner of both Platinum Group and Sunnycrest? He had an interest. I don't know if his principal judge. His wife was also an owner. I don't, of course, know exactly that relationship. But, yes, I do think he was. Would it also be accurate to say he was also the manager of both Platinum Group Properties, LLC, and Sunnycrest? Your Honor, I don't know if I can draw the lines that distinctly, but I suspect that's a reasonable thing to draw, yes. Well, then when he represents in court, apparently through the litigation both at the trial level and before this court that he owns the properties, why should he now be able to assert that Sunnycrest is not responsible for the fine? Because I don't think that sort of acknowledgment, I don't think that sort of role with respect to management and ownership makes any difference. Fundamentally, if you're going to get a judgment against somebody, you've got to serve them. That is fundamental. It's been fundamental for centuries. If you don't serve them, they don't volunteer interference. When our firm entered our appearance in this case, we specifically entered this only on Platinum Group Properties, LLC. But, to be fair, same registered agent for both entities. Yes.  All four. All five. So, how should we weigh that into the equation in terms of your assertion that there was no service on Sunnycrest? You have the same registered agent for both entities being served with that summons. Any relevance to that? Well, I think here's the difference, though. What did the summons say? What did the complaint say? The complaint named Platinum Group Properties, LLC. It doesn't say it in any fashion. There's not even a hint that this is an action against Sunnycrest. It's an action against Platinum. So, once again, while I understand what you're saying, that, yes, there is an agent that represents multiple entities, but that happens every day, Your Honor. That's why it clearly says in the Illinois Deliverability Company Act that each entity is separate and apart. If you want to sue Sunnycrest, sue Sunnycrest. Cases are predominant that the best evidence of who you intended to sue is who you named in the complaint. The city named in the complaint persisted for five years through judgment, through appellate courts, that Platinum Group Properties, LLC. was the party they elected to sue, even though they knew Sunnycrest was a real party of interest. Was there written discovery in this case, in the underlying litigation? I don't believe so, Your Honor. But, again, I wasn't the attorney director who tried the case, so I don't want to misstate it. I don't recall any, but, again, I don't know for sure. Okay. Any questions? Thank you. Thank you, Mr. Martingis. You'll have an opportunity on rebuttal. Thank you. Mr. Simon. Good morning, Your Honor. Good morning. May it please the Court and my four-week-long counsel, the trial court clearly did not abuse its discretion when granting Urbana's misnomer motion and rejecting the special delimited appearance of Sunnycrest. This case is the penultimate perfect case for the application of the misnomer statute. The underlying case, as you all recognize, came before this Court. It involves violations of the city's property maintenance code at three buildings owned by Sunnycrest. Were you involved in the underlying litigation? I personally was not involved, but my assistant city attorney, Michelle Brooks, was. Do you know whether or not there was written discovery in that case? There was no written discovery. So was there anything, either in the way of a pleading or in testimony, where Platinum Group asserted that it was the owner of the subject properties? When you refer to Platinum Group, yes. Mr. Zarufi testified that the buildings are owned by a company called Platinum Group Properties, period. He further testified that he and his wife were the principal owners of Platinum Group Properties. Mr. Martinkus is correct. There are four, five Platinum Group Properties LLC entities, including Sunnycrest, East, 703 Colorado, Red Barn, and one other. I don't recall what the other one is. Mr. Adams is the registered agent for all five of these entities. Mr. Zarufi, according to the Secretary of State's website, is the manager and officer of Limited Liability Company Partners. He's an officer of all five entities. Logic would say that Mr. Zarufi would know which entity owns which building. Curiously, we're asking, is there any evidence or anything in the record about Sunnycrest? Clearly, there is. The verified complaint with the exhibits annexed thereto and incorporated therein and therefore are verified as well indicate that notices of the violations, other communications initiated by the city, were sent to Platinum Group Properties, Sunnycrest. Is that the legal name of the series LLC, Sunnycrest? I believe it's probably Platinum Group Properties, LLC, Sunnycrest. Sunnycrest Series. Well, it's listed under a series in the Secretary of State's website. But if you look at the website, it says Platinum Group Properties, LLC, Sunnycrest. I believe that's how it's actually listed in their website. But the fact of the matter is, Platinum Group Properties, as Mr. Martinez and Sunnycrest admit, is the owner of these buildings. It is the real party. And in Mr. Martinez's cases, the Sharpness case and the Zito case, clearly recognize that the courts can go and do go beyond merely the name that appears in a plea. Not one exhibit, not a single exhibit in the complaint that was served on Mr. Zarufi and Mr. Adams uses the name Platinum Group Properties, LLC, period. Many of them use Platinum Group Properties, Sunnycrest. So clearly, the city knew and intended to sue Platinum Group, Sunnycrest. Well, the city certainly could have gone to the recorder's office and found out who the true owner was, right? Yes. But it did not, apparently, do that. Apparently, it did not find the true owner because it believed it had the true owner, Platinum Group Properties, Sunnycrest, the person they were dealing with. It's interesting to note that... When the city got its judgment originally, did it file a list of opinions? Or actually, when it filed its complaint, did it file a list of opinions? No, sir. Okay. It filed, at the end, a memorandum of judgment. A memorandum of judgment. Corrected. But the city knew that Sunnycrest was the owner. This is not a case where, let's say, there's a slip and fall at McDonald's, where the complaint describes the scene at McDonald's, but uses the name Burger King. Platinum Group Properties, LLC, is part of Sunnycrest's name. Registered agent represented all five. This is the Ingram case that this court relied on in the Cone Furniture case. The Cone Furniture case started out, while affirming a denial of misnomer motion, it discussed misnomer quite extensively. In the Cone case, this court said that the normal rules applicable to personal jurisdiction are different when dealing with misnomer cases. It relies on the Ingram case, which has many striking similarities to this case. In Ingram, an Illinois public court case, I can not read, but I can go through my outline if you'd like. In Ingram, an insurance agent, not even the registered agent, was served with process. He repped, represented as insurance agent, four different insurance companies, all of which traded under the name MFA Insurance Company. Just like Platinum Group Properties, LLC, or Sunnycrest, trade under the name of Platinum Group Properties. The registered agent, or excuse me, the insurance agent, just like Mr. Adams, didn't know which energy for which he was being served. He didn't know the capacity, which of these insurance companies he was being served for. In fact, I believe, if I'm not mistaken, it was the appellate court in that case that corrected the misnomer. Long after judgment and the events of the trial court had occurred, just like here. Further, that insurance agent traded under a short form name for these four entities. And the court actually made, corrected the misnomer. Down at the trial court, at our level, Judge Kennedy corrected the misnomer. Because Judge Kennedy recognized he had to find three things. Who was the real party in interest? Is there objective evidence that shows that the city intended to sue the real party in interest? And was that real party in interest served? And Judge Kennedy found yes for all three. Clearly, Sunnycrest is the real party in interest. It owns the buildings, as Mr. Martinkus admits. And Judge Kennedy had the deeds before him when he made that part of the decision.  There is not a single exhibit appended to that complaint that lists or identifies any entity called Platinum Group Properties LLC, period. Then why'd the city sue? We used a short form name in the caption, Your Honor. We used a short form name in the caption. If you look at the pleading in the short form... I don't understand that term in relation to this litigation here. If you look at how the parties communicated with one another, it was either the city would send out communications, not always, to Platinum Group Properties, Sunnycrest didn't use the LLC. Other communications were Platinum Group Properties. In fact, if you look at the building permits, the application for those building permits submitted by the owner of these three buildings, so they could correct the problems with the building. Well, what did they say? Owner, Platinum Group. They represent the owner. In fact, not once, anywhere in this litigation, did Mr. Zerouki communicate with the city saying Platinum Group Properties, LLC, Sunnycrest. He never used the name for the owner of the buildings, Sunnycrest. The parties communicated... Well, why should he? Because you've sued Platinum Group LLC. I'm talking about before the lawsuit was filed. Okay. It was always Platinum Group, Platinum Group Properties, or Platinum Properties. Numerous communications from the rental registration of the three buildings at Sunnycrest were submitted, as Mr. Martinkus indicated. Well, as a plaintiff, doesn't the city have an obligation to do its due diligence and research the actual legal ownership before filing suit and being bound then by its designation of a party? We believe we've sued the right party all along at Sunnycrest, given the exhibits and given the fact that Sunnycrest is the owner of the buildings. It makes no sense, stepping back from the law. I'll get back to the law if you'd like, Your Honor. But stepping back, logic suggests why would an entity that has no interest in these buildings, no responsibility for these buildings, no responsibility for the safety of the tenants in these buildings. In fact, they were condemned and the tenants had to be evacuated. Not any relation whatsoever. Why are they going to spend five and a half plus years litigating this case when they could get out easily and may be fortunate for Mr. Martinkus paying his firm's fees? Logic suggests otherwise. Why did they remain in the case? Because they knew that Sunnycrest was the real party in interest and the party the city intended to sue. Why did Mr. Zerouki testify that the buildings are owned by Platinum Group Properties? I believe the opinion in this court found that Platinum Group Properties was the owner of the buildings. Not LLC and not Sunnycrest. Which was a nice name that's applied to all five of these entities. The other four entities are not real parties in interest because they don't own the buildings. Sunnycrest. The very cases that Sunnycrest relies on, Sharpness and Zerouki, indicate that yes, the name in the pleadings is a starting point. But courts go beyond that looking for objective evidence as to who, in this case, the city intended to sue. And the objective evidence includes verified exhibits identifying that the city knew who the real party in interest was and sued that party. And to take Mr. Martinkus' argument would turn the misnomer statute on its head. It would nullify Section 401B. Counsel, our Supreme Court has explained the misnomer provision as, quote, It does not encompass naming the wrong party, but instead encompasses naming the right party by the wrong name, end quote. What does that mean? It means this case. We named, we used the wrong, we only used part of Sunnycrest's name in the case. But paragraph two of the complaint indicates the defendant owns the buildings, the three buildings that are identified as subject to the lawsuit for the last five and a half years. Sunnycrest is the owner. The exhibits that are referred to throughout that complaint that was served on them show that Sunnycrest is the owner of the buildings. The misnomer statute says you can, under the right circumstances provided by the trial court, required by the trial court, on motion, based on the proof required by the trial court, the court before or after judgment, five years after judgment, one year after judgment, whenever, can correct the name of a party. That's what the statute says. So, yes, one could say, if you want, I won't agree with that, but you're the court. Sunnycrest's name did not appear in the capture. And you'd be absolutely right. But there's clear evidence that's unrebutted. Not one exhibit offered in support, and there are three sets of exhibits offered in support of our motion. If we were to rule against you, what would be the status of the parties? And what I'm getting at is, there was an original, what, $473,700 judgment entered against, according to Mr. Martinkus, Platinum Group Properties, LLC. Now, that's been reduced to, what, $45,000 now? But where would everybody stand if we ruled against you? That's what I'm asking. Where would we stand? We'd stand in the position where Mr. Zarufi got away with something. That's where we would stand. And the other place we would stand is... What did he get away with? Lying under oath, obfuscating the trial court. In fact, I think the trial court said, recognized that Platinum Group Properties owned the property. You're saying that the fine would be uncollected? It would be, well, we presume it would be uncollectable, yes. Uncollectable. Mr. Martinkus advised us that Platinum Group Properties, LLC, when we were talking, you know, way back, had no assets. It was basically a shell. There is no question that Sonny Preston is the real party of interest, that Urbana knew that, and based on the exhibits, attended to the complaint. All Mr. Zarufi had to do was read the complaint. All Mr. Adams had to do was read the complaint with the exhibits, and he would know who's the real party of interest. Now, the other issue, though, is Mr. Martinkus' cases, Sharpness and Zeal, also stand for the proposition that the court does not even take count. It's much less considered. What the defendant supposes was in the mind of the plaintiff. It doesn't look at what the defendant thought, and therefore the fact that the sons, who were the drivers of the car in Zito and Sharpness, even though the father is only there, the opinions state that what the son knew or thought in terms of whether they were the real parties in it is irrelevant to the court's consideration. It's objective evidence in terms of who the city intended to sue, and the courts do go beyond the name of the individual. Counsel, you started your argument by saying that this would be the penultimate case for misnomer. What would be the ultimate case? I can't think of one. Maybe this is it. Okay. What findings did the trial court make in regards to this determination as to misnomer, and where in the record can we find those? Are you referring to a written order, or are you referring to the transcript of the hearing? No, I'm referring to a written order. Okay. Were there findings made on the record at the time of the hearing? That I don't recall, Your Honor. I'll be honest with you, I don't recall whether the judge articulated. And I was there, and I'll be honest with you, I think the findings in the order is C1375 and 1376 in the record. Thank you. And one additional question. Is it your view that the trial court's misnomer determination is subject to an abuse of discretion standard of review? Absolutely. There's not a single case in Illinois that I've been able to find where a misnomer statute type case has been decided on. I didn't know. Charges, veto, clearly apply an abuse of discretion, I think. The court will not upset the trial court's decision in the absence of abuse of discretion. I believe Cohen said the same, and there are others. By the way, this court in Boothby, I think it's pronounced, versus Boothby's Palace Tavern, we decided that. That's 2014, 4131008, where the court said, where this court said, we will not disturb the trial court's determination on misnomer absent of abuse of discretion. I'm sorry I didn't cite that case. I'm trying to find a misnomer review based on the noble rule. Thank you, Mr. Simon. Thank you. Martinkus. The last question is an interesting one, because the issue of misnomer was certainly pledged in the case against Platt. The issue here is whether or not there was jurisdiction over Sunnycrest. I do believe that's a different standard issue. I'd like to read to you the brief. May I ask a question, then, and follow up? Because it does present an interesting set of facts from a procedural standpoint. Sunnycrest is appealing an order, not just the order that denied Sunnycrest's motion to vacate, but appealed an order from March the 13th, which is a point in the litigation in which it had not entered a special and limited appearance. How does Sunnycrest have the ability to appeal that order? I don't know if it does, but here is my dilemma. Without having some context, without having before this court the order giving rise to what took place, I don't know how I could have ever completely put together an argument here. I think the court has to look at that, giving rise to why the court denied the special and limited appearance. Well, it makes me wonder, and I don't know if there are cases out there that would clearly establish the proper procedure for addressing this issue. But Sunnycrest did not petition to intervene at the time the city sought to obtain a ruling on its motion for correction of the parties through misnomer or because of misnomer. I guess nor did the city seek to notify Sunnycrest. We would not have intervened at that point, Judge, because we completely had taken the position on an issue that there was no jurisdiction. And I think there is a big distinction. I can find no cases to support the exact questions you're asking. But it seemed to me that we came involved when we filed our motion on our special and limited appearance. And in order for us to make the argument, we have to at least address the issue of how this court, the trial court, made the determination initially that somehow a judgment could be rendered against us when we never participated or had those. And if I may, one thing I do want to read, just real briefly. Here's the order of May 9th. It says, in June 2014, plaintiff to city of Urbana, a municipal corporation filed a complaint for property maintenance proposed violations against defendant Platinum Group Properties LLC, the three buildings. So there's a question here also that I really have just thought about while we're doing this. Is this the law of the case? Has this court, by virtue of its rulings, already determined that the correct defendant in this case was Platinum Group Properties LLC? And I think it's also important to note, this is what the city of Urbana placed in its motion. It says, the city was aware that the buildings located at 1302, 1304, and 1401 East Silver Street, Urbana, Illinois, that were subject of the city's lawsuit, were owned by the Platinum Group Properties LLC, son of Press Series, at the time of the lawsuit. So how can all of this argument by the city now suggest that, well, we didn't know or that we could have looked at the records? They didn't need to. They affirmably asserted in their motion they were aware of it. They made an election to sue the different entities. And then finally, I want to make certain that the Sharpness case, this is what the Sharpness case said, the most probative evidence of whom the plaintiff intended to sue is the party named in the complaint. If the named party, in fact, exists, but is not a real party of interest, the court may conclude that the plaintiff mistakenly sued the wrong party. That is precisely exactly what you have here. They tell you that the Sonnycrest is the real party of interest, so Platinum is not. And Platinum is a real party and it exists. So when you look at all of those factors in and of itself, it's clear to me, at least, that the court never had any jurisdiction over the Platinum Group Properties, Sonnycrest, or anything. Thank you. Thank you, Mr. Martinez. We'll take this matter under advisement. The court will be in recess briefly. Thank you, counsel. Thank you.